IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH BRANTELY, | ) | 4:12CV3215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on November 23, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his former employer, BNSF Railway Company ("BNSF"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is an African-American who currently resides in Lincoln, Nebraska. (*Id*. at CM/ECF p. 2; Docket Sheet.)

Condensed and Summarized, Plaintiff alleges that despite requests for a promotion, his seniority, and his experience, he was repeatedly passed over for promotions in favor of people that were "younger in age and white." (Filing No. 1 at CM/ECF pp. 1-6.) At least one of these other people had "less seniority" than Plaintiff. (*Id*. at CM/ECF p. 1.)

Plaintiff reported his concerns about being passed over for promotions to human resources, but human resources never took action. (*Id*. at CM/ECF pp. 2, 5.) Following his reports, Plaintiff's Superintendent, Mr. Stauffer, told Plaintiff he would "be in trouble" if he contacted human resources again. (*Id*. at CM/ECF pp. 2, 6.)

Thereafter, Plaintiff's supervisor Craig Brition ("Brition") began harassing Plaintiff and, at one point, Plaintiff suffered a heat stroke because Brition made him work in a box car during 103-degree weather and would not give him a break. (*Id*. at CM/ECF p. 2.) Plaintiff states that, on numerous occasions, obscene words were written on the box car that he was working on. (*Id*. at CM/ECF pp. 2, 6.) Plaintiff also mentions that his "foreman" frequently referred to him as an "uppity nigger." (*Id*. at CM/ECF p. 6.) Because of this work environment, Plaintiff was forced to resign. (*Id*.)

On December 21, 2011, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id*. at CM/ECF pp. 5-6.) On September 10, 2012, the EEOC issued a Dismissal and Notice of Rights regarding Plaintiff's Charge of Discrimination. (*Id*. at CM/ECF p. 4.) On November 23, 2012, Plaintiff filed this matter seeking monetary damages in the amount of $1,500,000.00 and other such relief that the court deems just. (*Id*. at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to

2

state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's Complaint sets forth a failure-to-promote claim, a retaliation claim, and a hostile work environment claim under Title VII of the Civil Rights Act ("Title VII"). (Filing No. 1 at CM/ECF pp. 1-6.) It also sets forth an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). (*Id*.) The court will address these claims below.

### A. Title VII

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Absent direct evidence of discrimination, Title VII claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011). Under this framework, a plaintiff must first establish a prima facie case of discrimination. *Id*. at 1046.

#### 1. Failure-to-Promote

To establish a prima facie case of race discrimination for a failure to promote, a plaintiff must show that: (1) he is a member of a protected group; (2) he was qualified and applied for a promotion to an available position; (3) he was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead. *Jackson v. United Parcel Service, Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011). "Failure to formally apply for a position does not bar a plaintiff from establishing a

3

prima facie case, as long as the plaintiff made every reasonable attempt to convey [his] interest in the job to the employer." *Id*. (quotation omitted).

Plaintiff, an African-American, alleges he requested promotions and that he had the seniority and experience sufficient for the promotions. (Filing No. 1.) Although Plaintiff alleges white employees were promoted instead, Plaintiff does not describe how he was similarly situated to any of the promoted individuals. Thus, Plaintiff has failed to allege sufficient facts to state a Title VII claim against Defendant.

However, on its own motion, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege a Title VII failure-to-promote claim against Defendant. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Title VII failure-to-promote claim against Defendant will be dismissed without prejudice without further notice.

2. Retaliation

To establish a prima facie case of retaliation, Plaintiff must show (1) he engaged in protected conduct, (2) he suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct. *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 978 (8th Cir. 2012).

Plaintiff alleges he engaged in protected conduct when he complained to human resources about being passed over for promotions. (Filing No. 1 at CM/ECF pp. 2, 5.) Following these complaints, Plaintiff was harassed by Brition and, at one point, suffered a heat stroke because Brition made him work in 103-degree weather and would not give him a break. (*Id*. at CM/ECF p. 2.) However, because Plaintiff does not allege that Brition knew about his complaints to human resources, he has not

4

alleged facts sufficient to show that Brition's harassment was causally connected to his protected conduct.

Like Plaintiff's failure-to-promote claim, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege a retaliation claim against Defendant. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's retaliation claim against Defendant will be dismissed without prejudice without further notice.

### 3. Hostile Work Environment

To establish a claim of hostile work environment, Plaintiff must show (1) he belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based upon his race; (4) the harassment affected a term, condition, or privilege of his employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *See Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 910 (8th Cir. 2006)*.

As discussed above, Plaintiff alleges Brition harassed him and, at one point, forced Plaintiff work in 103 degree weather and would not give him a break. (Filing No. 1 at CM/ECF p. 2.) In addition, Plaintiff's "foreman" frequently referred to Plaintiff as an "uppity nigger."[1] (*Id*. at CM/ECF p. 6.) However, Plaintiff does not allege that Defendant knew, or should have known, about this harassment. Indeed, Plaintiff alleges he repeatedly informed human resources about being passed over for promotions, but he does not allege that he told human resources about Brition's harassment or his foreman's comments. As a result, Plaintiff has failed to allege

---

[1] It is unclear from Plaintiff's Complaint whether Brition is Plaintiff's foreman.

sufficient facts to state a hostile work environment claim upon which relief may be granted.

Again, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege a hostile work environment claim against Defendant. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's hostile work environment claim against Defendant will be dismissed without prejudice without further notice.

*B.     ADEA*

The ADEA makes it "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The *McDonnell Douglas* framework applies. *Rahlf v. Mo–Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011). In order to establish a prima facie case under the ADEA, Plaintiff must show: (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly-situated employees were treated more favorably. *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012).

Here, Plaintiff alleges that he is more than 40 years old. (Filing No. 1 at CM/ECF p. 5.) Plaintiff also alleges that, despite his experience and seniority, he was repeatedly passed up for promotions by people that were "younger in age." (*Id*.) However, Plaintiff does not describe how he was similarly situated to the employees that were promoted. As a result, Plaintiff has failed to allege sufficient facts to state an ADEA claim upon which relief may be granted.

6

Like Plaintiff's Title VII claims, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege an ADEA claim against Defendant. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's ADEA claims against Defendant will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **January 2, 2013**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **January 2, 2013**.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 4th day of December, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.