IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH BRANTLEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>　　　　　　Defendant. | 4:12CV3215<br><br>**FINDINGS AND<br>RECOMMENDATION** |

INTRODUCTION

The defendant has moved to dismiss this case as a discovery sanction. (Filing No. 63). For the reasons discussed below, the motion should be granted and this case should be dismissed with prejudice.

ANALYSIS

The *pro se* plaintiff filed this action on October 15, 2012, and filed an amended complaint on December 31, 2012. After conferring with the parties and with their consent, a scheduling order was entered on June 10, 2013.

Under the terms of the scheduling order, the parties were required to serve their mandatory disclosures by July 1, 2013. (Filing No. 22). When the plaintiff failed to timely serve the mandatory disclosures, the railroad filed a motion to compel. A hearing on the motion was set for July 24, 2013. The hearing notice warned that the "plaintiff's failure to . . . comply with discovery and disclosures required under the federal or local rules . . . may result is dismissal of this case without further notice." (Filing No. 29).

The plaintiff attended the hearing on July 24, 2013, and produced a portion of his mandatory disclosures at the hearing. He agreed and was ordered to deliver the remaining discovery to the defendant by July 25, 2013. (Filing No. 33). The court admonished the plaintiff to read and follow the federal rules and the court's local rules. At the court's

direction, the clerk provided a copy of the Local Rules and the Guide to Self-Representation for Non-Prisoners to the plaintiff.

In an attempt to obtain documents which were not disclosed as required under rule 26, the railroad served written discovery on August 5, 2013. The plaintiff responded with unsupported work product objections and incomplete and evasive answers. The railroad moved to compel. (Filing No. 42). During a telephonic hearing held on September 10, 2013, the plaintiff explained that he was withholding information about the facts of his case as work product. The court instructed the defendant that he must explain the factual basis for his claims, his failure to do so may preclude him from using any undisclosed facts during the trial, which may, in turn, result in dismissal of his case. The plaintiff stated he was moving to the east coast and the railroad would need to depose him there. The court reminded the plaintiff that the case was pending in Nebraska, and as such, the defendant was entitled to depose the plaintiff in Nebraska. The court entered a follow up order which stated:

> On or before September 24, 2013, the plaintiff shall serve on the railroad full and complete responses to the railroad's interrogatories and requests for production. The plaintiff is reminded that if he fails to disclose information in his possession or control, either as part of his mandatory disclosures or in response to the railroad's discovery requests, he may later be barred from using the undisclosed information to prove his case.

(Filing No. 48).

On September 20, 2013, the railroad noticed the plaintiff's videotaped deposition to be held on October 14, 2013 at the office of Latimer Reporting. (Filing No. 52). Although the railroad had originally planned on deposing the plaintiff in November, at the plaintiff's request, the deposition was re-scheduled for October because the plaintiff planned to moved and the railroad was unwilling to depose him telephonically. The plaintiff stated he would "do his best" to attend the deposition on October 14, 2013. (Filing No. 59-1).

On September 23, 2013, only three days after the notice of deposition was served, the plaintiff responded to the notice by stating he intended to move to North Carolina. He provided his new address and phone number to the court and the railroad along with a note stating: "Will you make arrangement for the videotape deposition at my new address or phone. . . ." (Filing No. 52). The railroad never agreed to perform the deposition by videotape or telephone, or to re-schedule the deposition to be held at Plaintiff's new location.

On October 12, 2013, the plaintiff mailed a letter from Harrisburg, Pennsylvania which stated he had moved in with his father in Gettysburg, Pennsylvania. (Filing No. 57). The plaintiff did not appear at his noticed deposition in Lincoln, Nebraska on October 14, 2013, and provided no advance notice that he would not appear. (Filing No. 59-1). The railroad moved to dismiss as a sanction for failing to comply with discovery. (Filing No. 58). The plaintiff did not timely respond to the motion to dismiss or explain his absence at the deposition.

By order dated November 19, 2013, the court did not dismiss the case as a discovery sanction, but it did award attorney fees and costs to the railroad, the amount to be paid by December 16, 2013. The plaintiff has not paid the sanctions award. The court's order also required the plaintiff "to promptly contact defense counsel and to cooperate with them in re-scheduling his deposition to occur in Lincoln, Nebraska on or before the December 16, 2013 deposition deadline." (Filing No. 61). The court's ordered warned:

> The plaintiff is hereby notified that failing to cooperate with re-scheduling his deposition, failing to appear at the re-scheduled and noticed deposition, or any other refusal to comply with defendant's discovery will result in dismissal of this case, with prejudice, for his willful failure to comply with discovery and/or for want of prosecution.

(Filing No. 61).

On November 25, 2013, the plaintiff contacted the railroad's counsel and stated "I am not coming back to Nebraska – ever," and "I am not going to pay the sanctions as I have no

3

money."  When reminded his failure to comply may result in dismissal, the plaintiff responded, "It's not my problem anymore. I ain't [sic] going to do nothing. You all do what you got to do."  (Filing No. 63-1).

On December 6, 2013, the plaintiff responded to the motion to dismiss by claiming he never agreed to a November 20 or October 20, 2013 deposition date, and the railroad's counsel is bullying him when she states the plaintiff must appear in Nebraska for his deposition because the railroad's counsel "has a right to see" him as he testifies.  (Filing No. 62).

On December 26, 2013, the railroad again moved to dismiss this case because the plaintiff refused to return to Lincoln, Nebraska for his deposition and has refused to cooperate in the discovery process.  (Filing No. 63-1).  To date, the railroad has been unable to schedule the plaintiff's deposition as required under the court's order dated November 19, 2013, and due to the plaintiff's conduct, has been unable to comply with the scheduling order setting a December 16, 2013 deposition deadline and a January 10, 2014 dispositive motion deadline.  The plaintiff's conduct has, in turn, disrupted the scheduling of cases in this court.

Dismissal is warranted when a party refuses to comply with the discovery rules and the orders of the court.  Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (Rule 37(d) authorizes dismissal if party fails to appear for his deposition and Rule 41 authorizes dismissal for failure to comply with a court's order).  The court ordered the plaintiff "to promptly contact defense counsel and to cooperate with them in re-scheduling his deposition to occur in Lincoln, Nebraska on or before the December 16, 2013 deposition deadline." (Filing No. 61).  He refused to do so.  Particularly against the backdrop of the plaintiff's prior failure to appear at noticed deposition on October 14, 2013, and his refusal to serve mandatory disclosures or comply with the railroad's written discovery absent a court order, the plaintiff's conduct exemplifies willful disregard of the court's rules and orders.

The plaintiff was clearly warned, more than once, that his refusal to cooperate with discovery may result in dismissal of his case.  After failing to attend his deposition on October 14, 2013, he was advised that any further disruption of discovery would result in dismissal with prejudice.  Despite that warning, he refused to comply with the court's order.  Dismissal with prejudice is warranted.  First General Resources Co. v. Elton Leather Corp. 958 F.2d 204, 206 (8th Cir. 1992) (holding the court is authorized to dismiss an action for failure to comply with any order of the court, (Fed.R.Civ.P. 41(b)), and may dismiss with prejudice where the plaintiff has engaged in a pattern of intentionally thwarting discovery).

IT IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, , pursuant to 28 U.S.C. § 636(b), that the defendant's motion to dismiss, be granted in its entirety, and that this case be dismissed with prejudice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

January 31, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.